# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JARROD WACHOWSKI, | ) |
|       Plaintiff, | ) |
| v. | ) C.A. No. |
| DELIVERY CIRCLE, LLC, a, Delaware limited liability company | ) |
|       Defendant. | ) |

## NOTICE OF REMOVAL

**COMES NOW** Defendant Delivery Circle, LLC ("Delivery Circle"), and, pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1367 and 28 U.S.C. §§ 1441(a) and 1446, hereby gives notice that this action is removed from the Superior Court of Delaware to the United States District Court for the District of Delaware. As grounds for removal, Delivery Circle, LLC states as follows:

1. Upon information and belief, Plaintiff Jarrod Wachowski ("Plaintiff"), at the time of filing his Complaint was, and at all times since has been, an individual residing in New Castle County in the State of Delaware.

2. Delivery Circle is now, and at all times herein mentioned was, a limited liability company duly organized and existing under the laws of the State of Delaware.

3. Plaintiff instituted the above cause of action in the Superior Court of Delaware on July 9, 2020. The case was docketed with Case Number N20-07-085 FJJ. In his Complaint, among other relief sought, Plaintiff makes a claim for alleged unpaid minimum wages, unpaid overtime compensation, plus an equal amount in liquidated damages under 29 U.S.C. § 201 et seq., the Fair Labor Standards Act (FLSA). The Complaint also asserts certain state law claims for breach of contract and under the Delaware Wage Payment and Collection Act. (Count I - Complaint for Breach of Contract, Count II - Violation of Delaware Wage Payment & Collection

Act, Count III -Violation of Minimum Wage Law and Count IV - Violation of the FLSA). A copy of the Complaint and any other papers filed in the Superior Court are attached collectively as Exhibit A.

4. The above-entitled cause is a civil action at law of which the United States District Court for the District of Delaware has original jurisdiction, because said cause presents a federal question, to-wit: The scope and application of rights and remedies available to Plaintiff under the FLSA; jurisdiction of said cases is specifically granted to the United States District Courts under 28 U.S.C. § 1331 as "arising under the Constitution, laws, or treaties of the United States," and §1337(a), as "arising under any Act of Congress regulating commerce."

5. On October 22, 2020, a copy of Plaintiff's Complaint, together with process, was served by the Sheriff's Office of New Castle County upon "Jamonica Williams, Admin Assistant at ViJaya Rad 200 Continental Drive Suite 401 Newark, Delaware 19713." (**Exhibit A**, D.I. 6, Sheriff's Letter of October 27, 2020). Jamonica Williams is not currently and has never been an employee or agent of Delivery Circle. (**Exhibit B**, Affidavit of Natalie Putnam, Chief Executive Officer of Delivery Circle). Additionally, neither Delivery Circle's principal place of business nor its registered agent is currently or was located at 200 Continental Drive Suite, Suite 401, Newark, Delaware, at the time of service by the New Castle County Sheriff's Office on October 22, 2020. *Id*. In fact, Delivery Circle did not receive a copy of the initial pleading in this action until on or about February 4, 2021 when Ms. Putnam received a copy of the Complaint from Delivery Circle's former counsel. *Id*. Accordingly, Plaintiff has not properly effectuated service upon Delivery Circle in accordance with Superior Court Civil Rule 4(f)(1)(III) that provides, "service shall be made…by delivering copies of the summons, complaint and affidavit, if any, to

an officer, a managing or general agent or to any other agent authorized by law to receive service of process…". Delivery Circle has not filed any responsive pleadings in the state court case.[1]

6. A Notice of Removal is required to be filed before the expiration of "30 days after the receipt by the defendant, through service or *otherwise*, of a copy of the initial pleading setting forth the claim of relief upon which such action or proceeding is based". 28 U.S.C. § 1446(b)(1) (emphasis added). Accordingly, this Notice of Removal is timely because Delivery Circle, although not yet properly served, "otherwise" became aware of the Complaint on or about February 4, 2021.

7. This action is removable to the United States District Court for the District of Delaware pursuant to the provisions of 28 U.S.C. §1337(a), § 1367 and 28 U.S.C. § 1441(a) and § 1446 because the United States District Court for the District of Delaware is the federal judicial district embracing the Superior Court of the State of Delaware, where this action was originally filed.

8. Furthermore, it is well-established that where federal question jurisdiction exists over any one of the claims in a removed action, a court possesses supplemental jurisdiction over the case as a whole. *See* 28 U.S.C. § 1367(a); *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 165-66 (1997). Further, the Complaint as a whole boils down to alleged non-payment of employment wages governed primarily by the FLSA. Because there are substantial federal questions allowing for removal of any one of Plaintiff's claims, this case as a whole is properly removed. *See, e.g.*, *Izquierdo v. Sills*, Civ. No. 97-495 MMS, 1999 WL 1427351, at *1 n.3 (D. Del. Dec. 21, 1999); *Green v. City Of E. Chi.*, No. 2:08-CV-00336-JVB, 2009 WL 799508, at *1

---

[1] In the interim, on or about October 19, 2020, Plaintiff filed a motion for default judgment against Delivery Circle in connection with this action. Ex. A, D.I. 7. Upon information and belief, the hearing on the motion for default was previously scheduled but then postponed by the Superior Court to a date to be determined due to the COVID-19 pandemic.

(N.D. Ind. Mar. 24, 2009). Additionally, Plaintiff's common law breach of contract claim (Count I) is preempted by the FLSA. (*See Formica v. US Env'l Inc.*, Civ. No. 18-1459, 2018 WL 3374764, at *3 (E.D. Pa. July 11, 2018) (dismissing plaintiff's claims for breach of contract as duplicative of his FLSA claim to pay him for all hours worked).

9. By filing a Notice of Removal in this matter, Delivery Circle does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Delivery Circle specifically reserves its right to assert any defenses and/or objections to which it may be entitled.

10. Moreover, Delivery Circle reserves the right to amend or supplement this Notice of Removal.

11. Pursuant to 28 U.S.C. § 1446(d), Delivery Circle is serving a copy of this Notice upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Superior Court of the State of Delaware.

13. If any question arises as to the propriety of the removal of this action, Delivery Circle requests the opportunity to present a brief and requests oral argument in support of removal.

**WHEREFORE**, Delivery Circle, LLC gives notice that the above-entitled action is removed and transferred forthwith from the Superior Court of Delaware to the United States District for the District of Delaware.

RLF1 24816608v.2

*/s/ Jennifer C. Jauffret*
Jennifer C. Jauffret (#3689)
Lori A. Brewington (#4522)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
jauffret@rlf.com
brewington@rlf.com
(302) 651-7700

*Attorneys For Defendant*
*Delivery Circle, LLC*

Dated: February 25, 2021